UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| JUSTIN STONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:16-CV-588-TAV-HBG |
| | ) | |
| SEVIER COUNTY SHERIFF'S | ) | |
| DEPARTMENT, and | ) | |
| QUALITY HEALTH CARE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

Acting pro se, Justin Stone, an inmate confined in the Sevier County Jail, has

submitted this civil rights complaint for damages under 42 U.S.C. § 1983 against the Sevier

County Sheriff's Department and Quality Health Care [Doc. 1], as well as a motion for leave

to proceed *in forma pauperis* [Doc. 2].

## I.    Filing Fee

Based on the financial data provided by Plaintiff, his application to proceed without

prepayment of fees [Doc. 2] will be **GRANTED**.   Nonetheless, because Plaintiff is an

inmate, he will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350).

*McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by*

*Jones v. Bock*, 549 U.S. 199 (2007).   The custodian of Plaintiff's inmate trust account at the

institution where he now resides shall submit, as an initial partial payment, whichever is the

greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate

trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust

account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902</u>. To ensure compliance with the fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this memorandum and the accompanying order to the Court's financial deputy. This memorandum and the accompanying order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.    Screening Requirement

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). In screening the instant complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible

on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

## III.    Plaintiff's Allegations

While in general population at Sevier County Jail, ten inmates jumped Plaintiff "ripping off" his ear, fracturing his right eye socket, and breaking his ribs and teeth [Doc. 1 p. 4]. Thereafter, Plaintiff was placed in solitary confinement so he "could be looked after better" [*Id*.]. Since the confrontation with the other inmates, Plaintiff complains that he suffers from seizures, double vision, and tension headaches [*Id*.]. Plaintiff asserts that prior to being jumped, he never suffered from any of these complained of injuries [*Id*.].

Plaintiff alleges that the doctor from UT Hospital instructed that the stitches in his ear be removed five days after the incident [*Id*.]. However, the jail house doctor only removed the outer stitches on Plaintiff's ear, leaving the inner stitches [*Id*.]. It was not until Plaintiff continually complained of pressure building in his head and constant discharge coming from

his ear that anyone realized his inner ear stitches were left in [*Id.*]. Plaintiff complains that his inner stitches were left in too long causing infection that resulted in trouble hearing, pressure and pain, and double vision [*Id.*]. Plaintiff further complains that the discharge is heavy due to infection and "very uncomfortable and displeasing" [*Id.*].

Furthermore, the seizures have caused his feet to become bruised and the migraines make it hard for him to open his mouth to eat properly [*Id.*]. Plaintiff maintains that "nothing is being done to help [him]" [*Id.*].

## IV. Analysis

The Court finds that Plaintiff's allegations cannot advance in this lawsuit because the Sevier County Sheriff's Department and Quality Health Care are not subject to suit under § 1983.

The law is clear that "municipalities and other local government units [are] to be included among those persons to whom § 1983 applies [and they,] therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Sevier County Sheriff's Department, however, is neither a "person" nor a political or corporate body within the terms of § 1983. *Id.* at 689–90 n.53. Indeed, the Sixth Circuit and courts in this district have previously held that a county sheriff's department is not an entity subject to suit under § 1983. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (holding that a county police department was not an entity which may be sued); *Newby v. Sharp,* No. 3:11-CV-534, 2012 WL 1230764, at *3 (E.D. Tenn. Apr. 12, 2012) (holding that a county sheriff's department is not an entity which may be sued); *Bradford v. Gardner*, 578 F. Supp. 382, 383

(E.D. Tenn. 1984) (noting that "[w]hile state law makes the sheriff the appropriate defendant in such an action, the Sheriff's department itself is not a suable entity under Section 1983") (citing *Williams v. Baxter*, 536 F. Supp. 13, 16 (E.D. Tenn. 1981)); *see also Petty v. Cty. of Franklin*, 478 F.3d 341, 347 (6th Cir. 2007) ("Unlike a county sheriff's office, the sheriff himself may be considered a proper legal entity for purposes of suit under § 1983.").

Likewise, Defendant Quality Health Care is not an entity subject to suit in this matter. In fact, Plaintiff fails to name Quality Health Care at all in his complaint. However, liberally construing Plaintiff's allegations, the Court assumes Quality Health Care to be a health care company under contract with the jail to oversee health issues that arise with inmates. Even liberally construed, the Court finds that any allegations against Quality Health Care fall under respondeat superior liability and thus may not advance under § 1983. Plaintiff has not established Quality Health Care's personal involvement in the conduct surrounding Plaintiff's claims of inadequate health care arising to a constitutional violation. The law is well-settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). While respondeat superior does not provide a valid basis of liability, a plaintiff can still hold a defendant liable so long as he can demonstrate that the defendant implicitly authorized, approved, or knowingly acquiesced in any alleged wrongdoing of a subordinate. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1244 (6th Cir. 1989). An "affirmative link" must exist between the subordinate's misconduct and the supervisor's authorization or approval, tacit or otherwise, of the wrongdoing. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976).

5

But supervisors cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'" (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999))).

As Plaintiff does not allege that Quality Health Care authorized any unconstitutional conduct, there is nothing from which to conclude that Quality Health Care condoned any alleged wrongful behavior. As Plaintiff's assertions appear to be based on a theory of respondeat superior, Plaintiff fails to state any claims against Quality Health Care.

## V.    Conclusion

In light of the above law and analysis, the Court finds that Plaintiff's motion to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**. Plaintiff will be **ASSESSED** the filing fee of three hundred and fifty dollars ($350). As discussed herein, payments should be sent to: **Clerk, USDC; 800 Market Street, Suite 130, Knoxville, Tennessee 37902**. To ensure compliance with the fee-collection procedure discussed herein, the Clerk will be **DIRECTED** to mail a copy of this memorandum and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk will also be **DIRECTED** to furnish a copy of this memorandum and the accompanying order to the Court's financial deputy. This memorandum and the accompanying order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

In addition, the Court further finds that Plaintiff's contentions fail to state § 1983 claims against Defendants Sevier County Sheriff's Department and Quality Health Care, and

therefore, this case will be **DISMISSED** *sua sponte* in its entirety under 28 U.S.C. §
1915(e)(2)(B)(iii).

**AN APPROPRIATE ORDER WILL FOLLOW.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE